IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.　　　　　　　　　　　　　　　　　　No. CR 99-566 JC

RICKY LEE MCDONALD,

Defendant.

## MOTION TO DISMISS COUNTS II, III AND IV - SPEEDY TRIAL

COMES NOW the defendant by and through counsel and, pursuant to U.S. Const. Amend. VI, 18 U.S.C. § 3161(e), and applicable statutes and rules, moves this court to dismiss with prejudice Counts II, III, and IV of the Second Superceding Indictment in this case because retrial has not commenced within seventy (70) days of the Court's acceptance of the jury's "hung" verdict and discharge of the jury on June 28, 2001. As grounds, defendant states:

1. A jury was empaneled June 26, 2001, to hear the charges pending against Mr. McDonald in the Second Superseding Indictment.

2. On June 28, 2001, that jury convicted Mr. McDonald of the charge at issue in Count I of the Indictment and wrote on the verdict form that it was "hung" with respect to Counts II, III, and IV. (Verdict, attached) The court dismissed the jury on June 28, 2001. The acceptance and filing of the Verdict form and dismissal of the jury constitute



an "action occasioning the retrial" within the meaning of 18 U.S.C. § 3161(e).

3. 18 U.S.C. § 3161(e) requires retrial within seventy (70) days of the date an action occasioning retrial becomes final. *See, U.S. v. Doran*, 882 F.2d 1511, 1514 (10th Cir. 1989); *U.S. v. Scalf*, 760 F.2d 1057 (10th Cir. 1985). This seventy day period expired September 6, 2001.

4. Upon information and belief, none of the periods of delay of 18 U.S.C. § 3161(h) are applicable in this case. The court's docket sheet (attached) shows only the filing of the clerk's minutes (June 29, 2001) and the filing of a Notice of Sentencing (September 20, 2001) since the filing of the Verdict Form on June 28, 2001.

5. 18 U.S.C. § 3161(e) states that the sanctions of § 3162 apply to this subsection. 18 U.S.C. § 3162(2) states that if a defendant is not brought to trial within the time limits of 18 U.S.C. § 3161 "the information or indictment shall be dismissed on motion of the defendant." That section further states that the defendant has the burden of supporting his motion but the government has the burden of going forward with evidence in connection within an exclusion of time under subparagraph 3161(h)(3).

6. 18 U.S.C. § 3162(2) further states that in determining whether to dismiss the case with or without prejudice, the court shall consider, among other things, each of the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

7. Applying these factors: (i) *the seriousness of the offense;* the offense at issue in Count II carries a sentence of not less than five and not more than 20 years imprisonment. The offense at issue in Count III carries a maximum sentence of three years imprisonment. The offense at issue in Count IV carries a mandatory minimum ten year sentence. Pursuant to 18 U.S.C. § 3559, Sentencing classification of offenses, the offense at issue in Count II is a Class B felony. The offense at issue in Count III is a Class E felony. The offense at issue in Count IV is a Class C felony. *See also,* 18 U.S.C. § 3581(b). While there was some property damage, none of the offenses at issue caused any personal, physical injury. None of the counts at issue is a drug offense or a sex offense. Had Mr. McDonald been convicted of all counts, the guideline sentence and mandatory minimum sentence at issue in Counts I, II, III and IV would all total less than the statutory maximum sentence available under Count I (20 years). All things considered, the offenses at issue in this motion are not so serious as to prohibit dismissal with prejudice. (ii) *The facts and circumstances of the case which led to dismissal;* upon information and belief, and based on counsel's occasional consultations with the government regarding this matter, delay in the government's decision about whether to pursue retrial in this matter was occasioned primarily by the fact that the Department of Justice in Washington, D.C. was involved in this decision. Delay due to the government's decision making process "has nothing to do with the 'unavailability of witnesses or other factors resulting from the passage of time'" and does not justify the

3

speedy trial violation in this case. *U.S. v. Scalf*, 760 F.2d 1057, 1059 (10th Cir. 1985)(Delay due to government's decision whether to seek certiorari does not excuse speedy trial violation). (iii) *The impact of a reprosecution on the administration of this chapter and on the administration of justice*; reprosecution under this scenario would diminish the seriousness of a clear speedy trial violation. Dismissal with prejudice would not adversely impact the administration of justice. As set out above, Mr. McDonald already faces a mandatory minimum five year sentence and a maximum sentence of twenty years based on the count of which he was convicted. This case was first filed in the U.S. District Court for the District of New Mexico in May of 1999. The case has had a long and difficult history because of Mr. McDonald's mental health problems. Further delay would only exacerbate those problems and would make retrial very difficult from this perspective. While incarcerated at the local county jail, Mr. McDonald receives very little mental health treatment. He spends most of his days alone in his cell with his voices and his apparitions and his "whole-y *Bible*." Mr. McDonald recently carved a cross approximately five inches in length into his chest. The sooner Mr. McDonald is sentenced, the sooner he can be sent to a federal medical center for prisoners where he will receive more appropriate mental health treatment.

8. Counsel for the government, AUSA Mary Catherine McCulloch, opposes this motion.

WHEREFORE, the defendant respectfully requests this court to dismiss Counts II,

4

III and IV of the Second Superceding Indictment in this case with prejudice, and for such other and further relief as the deems proper.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

_____
Stephen P. McCue
Attorney for Defendant

I hereby certify that a true copy of the foregoing was delivered to AUSA Mary Catherine McCulloch at the U.S. Attorney's box at the U.S. Courthouse, Albuquerque, NM, this 25th day of September 2001.

_____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RICKY LEE MCDONALD,

Defendant

No. CR 99-566 JC

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 28 2001

CLERK

## VERDICT

WE, THE JURY, find the Defendant, Ricky Lee McDonald, __GUILTY__ (guilty/not guilty) on the charge of malicious damage or attempt to damage a building by means of fire as charged in Count I of the Second Superceding Indictment;

WE, THE JURY, find the Defendant, Ricky Lee McDonald, __HUNG__ (guilty/not guilty) on the charge of malicious damage or attempt to damage a building by means of fire as charged in Count II of the Second Superceding Indictment;

WE, THE JURY, find the Defendant, Ricky Lee McDonald, __HUNG__ (guilty/not guilty) on the charge of Freedom of Access to Clinic Entrances as charged in Count III of the Second Superceding Indictment;

WE, THE JURY, find the Defendant, Ricky Lee McDonald, __HUNG__ (guilty/not guilty) on the charge of use of fire or an explosive to commit any felony as charged in Count IV of the Second Superceding Indictment.

DATED this 28 day of JUNE, 2001.

2:30 PM

FOREPERSON

## Docket Report for: USA v. McDonald
## Case Number: 99cr00566 (ACE)

| File Date | EOD | Num | Description | Ref |
|---|---|---|---|---|
| 09/20/01 | 09/24/01 | 107 | NOTICE of Hearing for deft Ricky Lee McDonald sentencing hearing set on 10/18/01 @ 2:00 pm before Senior Judge Conway in Albuquerque, NM (cc: all counsel*) (dmw) (7k) | dfs |
| 06/29/01 | 06/29/01 | 101 | CLERK'S MINUTES: before Senior Judge John E. Conway jury impaneled, finding Ricky Lee McDonald guilty on count 1ss C/R: Syd Huseby (dmw) (21k) | dfs |
| 06/28/01 | 07/02/01 | 106 | VERDICT: guilty as to Ricky Lee McDonald on count I & hung on counts II, II & IV of second superseding indictment (dmw) | |
| 06/28/01 | 07/02/01 | 105 | COURT'S INSTRUCTIONS TO THE JURY submitted by Senior Judge John E. Conway (dmw) | |
| 06/28/01 | 07/02/01 | 104 | NOTE to jury from Judge Conway to begin deliberations (dmw) | |
| 06/28/01 | 07/02/01 | 103 | NOTES to Judge Conway from jury (dmw) | |
| 06/27/01 | 07/02/01 | 102 | NOTE to jury from Judge Conway re continuation of deliberations (dmw) | |
| 06/26/01 | 06/27/01 | 99 | SEALED SUPPLEMENTAL ORDER by Senior Judge John E. Conway |for free process (sealed) as to Ricky Lee McDonald| (cc: defense counsel) (dmw) | |
| 06/26/01 | 06/27/01 | 98 | SEALED ORDER by Senior Judge John E. Conway to seal document (cc: defense counsel) (dmw) | |
| 06/26/01 | 06/26/01 | 97 | RESPONSE by defendant to motion in limine to prevent deft from eliciting testimony from government witnesses related to any mental illness, disease or defect [96-1] (dmw)<br>Re: MOTION in limine to prevent deft from eliciting testimony from government ... [96] | |
| 06/25/01 | 06/28/01 | 100 | CJA Form 20 Copy 4 (Appointment of Counsel) for material witness Duane Garcia appointing Penni Adrian (dmw) | |
| 06/25/01 | 06/26/01 | 96 | MOTION |in limine to prevent deft from eliciting testimony from government witnesses related to any mental illness, disease or defect| by USA as to Ricky Lee McDonald (dmw)<br>Re: RESPONSE [97] | |