IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                    **Cr. No. 99-566 JC**

RICKY LEE MCDONALD,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *The United States' Notice of Intent to Offer Evidence Under Federal Rule of Evidence 404(b) and Authorities in Support of Its Notice*, filed October 9, 2003 (*Doc. 146*). Defendant filed a Response to the United States' Notice contesting the government's requested use of prior acts as evidence in the upcoming trial. *Defendant's Response to United States' Notice of Intent to Offer Evidence Under Federal Rule of Evidence 404(b),* filed November 13, 2003 (*Doc. 155*). After a hearing on December 17, 2003, and having reviewed the motion, memoranda and all relevant authorities, the Court finds the Notice of Intent well-taken, and it is therefore granted.

## I.     Background

Ricky Lee McDonald is a convicted arsonist. The conviction stems from a 2001 criminal indictment charging Mr. McDonald with setting two separate fires at a Planned Parenthood Clinic in Albuquerque, New Mexico -- the first in March 1999 and the second in May 1999. On June 26, 2001, a jury found Mr. McDonald guilty of the March 1999 fire but hung on the three remaining

counts: malicious damage to a building by means of fire (May 1999 fire) (Count II); intentional damage to the Planned Parenthood Clinic, a clinic that provides reproductive health care services, in violation of the Freedom of Access to Clinic Entrances Act (FACE), 18 U.S.C. § 248 (Count III); and use of fire or an explosive to commit a felony (Count IV). After Mr. McDonald exhausted his appeals and the Supreme Court denied his request for certiorari,[1] the government, on March 19, 2003, obtained another grand jury indictment. The Third Superseding Indictment charges Mr. McDonald with three counts relating to the May 1999 fire: violation of 18 U.S.C. § 248; violation of 18 U.S.C. § 844(i); and violation of 18 U.S.C. § 844(h)(1). Superseding Indictment, filed March 19, 2003 (*Doc. 123*).

In its Notice of Intent, the United States requests the Court to allow it to offer evidence of three previous fires set by Defendant, two in 1995[2] and the March 1999 fire. Regarding the March 1999 fire, the government wishes to offer DNA evidence collected from a charred glove found near the site. Pursuant to Federal Rule of Evidence 404(b), the government seeks to introduce evidence of the three fires to demonstrate identity, intent and motive. Defendant challenges the government's request contending that the prejudicial impact far outweighs its probative value. Specifically, Defendant requests the Court to uphold its previous ruling prior to the first trial that the evidence of the two 1995 fires is unfairly prejudicial. After reviewing the briefs and holding a hearing on the issue, the Court has determined to reverse its previous ruling and find that the probative value of the two1995 fires is not substantially outweighed by risk of unfair prejudice.

_____

[1] *United States v. McDonald*, 2002 WL 1767534 (10th Cir. Aug. 1, 2002), *cert. denied*, 537 U.S. 1077 (U.S. Dec. 9, 2002) (No.02-7253).

[2] Mr. McDonald pleaded guilty to the two 1995 fires and to a violation of FACE. The district court entered judgment and sentence against him on November 16, 1996.

Furthermore, the Court finds that the probative value of the DNA evidence from the March 1999 fire outweighs any prejudicial impact.

**II.    Discussion**

Pursuant to Federal Rule of Evidence 404(b), evidence of prior crimes or bad acts is not admissible to demonstrate the character of a person and that the person acted in conformity therewith. Fed.R.Evid. 404(b). A court, however, may admit such evidence if it is offered to show, among other things, identity, motive or intent.[3] *Id.* The Supreme Court outlined a four-part test to determine whether the admission of 404(b) evidence is proper. *Huddleston v. United States*, 485 U.S. 681 (1988). The test requires that: (1) the evidence be offered for a proper purpose; (2) the evidence be relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the trial court, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted. *Id.* at 691-92; *United States v. Patterson*, 20 F.3d 809, 813 (10th Cir.1994). In the present case, Defendant challenges the third prong of the *Huddleston* test. The Court, however, will discuss the first three prongs.

**1.    Proper Purpose and Relevance**

The Court finds that the government has offered the evidence of the previous fires for the proper purpose of demonstrating identity, motive and intent. The Court further finds that the government has sufficiently demonstrated that the evidence is relevant.

---

[3] Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.... Fed.R.Evid. 404(b).

a.    **Relevance -- Identity**

In Mr. McDonald's first trial, defense counsel's primary contention was that the government had the wrong person. *The United States' Notice of Intent to Offer Evidence Under Federal Rule of Evidence 404(b) and Authorities in Support of Its Notice* (Pl.'s Notice of Intent), filed October 9, 2003, at 7 (*Doc. 146*). There is little doubt that Defendant will make a similar assertion in the upcoming trial. The government wishes to introduce evidence of the previous three fires (two in 1995 and the March 1999 fire) to establish a pattern of conduct demonstrating Defendant's signature to the fires.

The Tenth Circuit has held that identity may be demonstrated by showing that the acts in question have a signature quality. In support of this theory, evidence of prior acts "need not be identical to the crime charged, so long as, based on a totality of the comparison, the acts share enough elements to constitute a signature quality." *United States v. Shumway*, 112 F.3d 1413, 1420 (10th Cir. 1997) (quotations omitted). An inclusive list of elements suggestive of a signature crime include: (1) geographic location; (2) the unusual quality of the crime; (3) the skill necessary to commit the acts; or (4) the use of a distinctive device. *Id.* (citation omitted).

In *Patterson*, the defendant was charged with hijacking. The Court of Appeals held that it was proper to admit evidence of the defendant's previous hijacking to prove identity due to the unusual quality of the crime and the skill required to commit the act. *Patterson*, 20 F.3d at 813. In another case, the Tenth Circuit upheld the admission of evidence that the defendant had looted the same archeological site seven years prior to the charged crime. The court found that the unique geographical location of the lootings and the skill and specialized knowledge necessary to commit both acts properly demonstrated a signature quality sufficient to prove identity. *Shumway*, 112

-4-

F.3d at 1420.

In the present case, the government sets out in detail the distinctive characteristics of each of the fires. In brief, the fires share several common qualities: (1) each was set at the same location – the front door to the clinics; (2) each targeted a clinic that engaged in offering abortions and other reproductive health care services; (3) each fire was begun by a similar method - the splashing of an accelerant on the door causing an instant ignition; (4) each fire was set in the early morning hours; (5) the container of accelerant was left behind near the site of the fire; and (6) the arsonist did not remain at the fire to watch. *Pl.'s Notice of Intent*, at 5. "[T]he weight to be given to any one element and the number of elements necessary to constitute a 'signature,' are highly dependent on the elements' uniqueness in the context of a particular case." *Shumway*, 112 F.3d at 1420 (citing *United States v. Myers*, 550 F.2d 1036, 1045 (5th Cir. 1977)). These similar characteristics strongly suggest that the same person is responsible for all four fires. As in *Patterson* and *Shumway*, the Court finds that the government has demonstrated that the fires share a signature quality due to the unique targets of the fires (abortion clinics), the distinctive device used to set the fires (accelerant), and the unusual time (early morning hours). The government also asks this Court to admit DNA evidence from a charred glove found at the March 1999 fire. After reviewing the request, the Court finds the DNA evidence is relevant to the issue of the identity of the person who started the May 1999 fire. *United States v. Beasley*, 102 F.3d 1440 (8th Cir. 1996) (upholding lower court's admission of DNA evidence to establish identity).

### b.     Relevance – Intent and Motive

The government requests to introduce evidence of the prior fires to demonstrate intent. Defendant is charged with violating FACE, 18 U.S.C. § 248, which requires the government prove

that Defendant set fire to the Planned Parenthood Clinic because it offered reproductive health care services.[4] Intent is thus an essential element, and prior acts evidence is clearly relevant to demonstrate this component of the charged offense. *United States v. Hill*, 60 F.3d 672, 676 (10th Cir.1995) (court of appeals finding that officer's testimony regarding the defendant's possession on two prior occasions of cocaine base is relevant to show knowledge, which is an essential element of the charged offense). This Court, therefore, finds that evidence of the previous fires is relevant to show intent pursuant to 18 U.S.C. § 248.

Finally, the government requests to introduce evidence of the previous three fires to establish motive. As discussed above, under FACE the government must demonstrate that Defendant set fire to the clinic because it offered birth control and abortion services. The Court finds that evidence of the similarities between the fires is relevant to demonstrate motive, as it suggests that Defendant continued to choose clinics offering reproductive health care services. In addition, the government will offer evidence that Defendant disapproved of persons and entities that provided reproductive health care. Consequently, the evidence is relevant and admissible to demonstrate Defendant's motive in setting the fires.

## 2.      Probative Value versus Prejudice

---

[4] Under FACE, anyone who:

> intentionally damages or destroys the property of a facility, or attempts to do so, because such facility provides reproductive health services, or intentionally damages or destroys the property of a place of religious worship,
>
> ...
>
> shall be subject to the penalties provided in subsection (b)....

18 U.S.C. § 248.

Defendant argues that the Court should uphold its previous ruling from the first trial regarding the 1995 fires.[5] At a 404(b) hearing for the 2001 trial, the Court found that the risk of unfair prejudice substantially outweighed any probative value. The Court, however, has determined to reverse its ruling. The trial court is vested with broad discretion in determining whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Patterson*, 20 F.3d at 814. "Evidence of prior bad acts will always be prejudicial, and it is the trial court's job to evaluate whether the guaranteed risk of prejudice outweighs the legitimate contribution of the evidence." *Shumway*, 112 F.3d at 1422. For a Rule 403 violation to occur, the evidence must result in unfair prejudice such that "the evidence must suggest a decision on an impermissible basis." *United States v. Bonds,* 12 F.3d 540, 567 (5th Cir. 1993) (quoting *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir. 1988)).

During the December 17, 2003 hearing, the Court found that the similarities between the fires are sufficiently probative to outweigh any danger of unfair prejudice. The similarities include: (1) they all took place at abortion clinics; (2) the fires all occurred at the front doors to the clinics; (3) the fires were all set with the same or similar combustible agent; (4) Defendant disappeared immediately following the fires; and (5) each was set in the early morning hours. Trial Trans., at 2-3. Here, the evidence is clearly probative, as it helps to link Defendant to the scene of the May 1999 fire when no direct evidence exists. Moreover, as this Circuit has held, the probative value

_____

[5] Defendant never specifically challenges the admission of the DNA evidence from the March 1999 fire. Even assuming Defendant did specifically challenge the DNA evidence, the Court finds that this evidence is sufficiently probative to outweigh any danger of unfair prejudice. Unfair prejudice "does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (5th Cir. 1993) (quotation omitted).

of similar prior acts outweighs any resulting prejudicial effect. *Shumway*,  112 F.3d at 1422.

**IV.     Conclusion**

The Court finds that the government has sufficiently demonstrated that the evidence surrounding the three previous fires is sufficiently similar to the evidence concerning the May 1999 fire to meet the relevancy requirement and to show that the risk of unfair prejudice is substantially outweighed by its probative value.

Wherefore,

IT IS ORDERED that *The United States' Notice of Intent to Offer Evidence Under Federal Rule of Evidence 404(b) and Authorities in Support of Its Notice*, filed October 9, 2003 (*Doc. 146*) is GRANTED.

DATED December 22, 2003.

_____

SENIOR UNITED STATES DISTRICT JUDGE

-8-