# United States District Court
## District of New Mexico

## Document Verification

**Case Title:** McDonald v. USA

**Case Number:** 03cv01162    cr 99-0566 JC

**Office:**

### Document Information

**Number:** 5

**Description:** MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION recommending movant's 2255 motion be denied and the case dismissed w/prejudice (cc: all counsel*)

**Size:** 7 pages (32k)

**Date Received:** 12/30/2003 11:28:06 AM    **Date Filed:** 12/30/2003    **Date Entered On Docket:** 12/30/2003

### Court Digital Signature    View History

46 e6 3f 20 09 30 af e8 3a ad 2d 07 10 06 33 fe b8 39 c4 f8 13 ac 37 12 c8 0c af 69 92 10 29 62 e4 dc ae 4a 4e 7a 36 55 f1 a7 be 50 f6 52 0d c8 a1 5c c5 af 6d 03 79 63 b6 87 60 cc 99 89 5f 6e 46 cf 2a 6c a1 fc b5 34 04 00 b3 10 61 ad 1f 0a cd f0 ff 7b 0c 31 c1 29 93 b4 09 95 10 cd b8 b5 92 51 3c 4c d0 41 00 e2 63 3b 36 73 6b 3b 2d 69 c2 f3 7c 03 d3 76 bf a2 b9 80 49 6f 94 af c9 6f

### Filer Information

**Submitted By:** Melissa Lucero

**Comments:** RECOMMENDED FINDING by Magistrate Judge W. Daniel Schneider

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Tuesday, December 30, 2003.* If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.

164

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
  Plaintiff-Respondent,

  v.                                        CV 03-1162 JC/WDS
                                            CR 99-0566 JC
RICKY LEE MCDONALD,
  Defendant-Movant

### MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION[1]

1.      This matter comes before the Court on Movant Ricky Lee McDonald's Motion

Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal

Custody. Movant is currently incarcerated and is proceeding *pro se*. He is confined pursuant to a

Judgment of the United States District Court for the crime of Malicious Damage to a Building by

Means of Fire, 18 U.S.C. §844(i). On November 9, 2001, Movant was sentenced to an incarceration

period of 60 months to be followed by three years of supervised released.

2.      The background facts and procedural history of this case are set forth in great detail

in Respondent's Answer (Docket No. 3) and will not be repeated here. On November 19, 2001,

Movant filed a notice of appeal to the Tenth Circuit Court of Appeals. The single issue on appeal

was whether Movant was competent to stand trial. On October 21, 2002, the Tenth Circuit affirmed

the conviction. On October 30, 2002, a Writ of Certiorari was filed with the United States Supreme

Court. The Writ was denied on December 9, 2002.

---

[1]

Within ten (10) days after a party is served with a copy of the " Magistrate Judge's Proposed Findings
and Recommended Disposition" (the "Proposed Findings"), that party may, pursuant to 28 U.S.C.
§636(b)(1), file written objections in the United States District Court to the Proposed Findings. A
party must file objections within the ten-day period if that party wants to have appellate review of the
Proposed Findings. If no objections are filed, no appellate review will be allowed.

3.      In his §2255 application, Movant alleges that his counsel was ineffective at the time of trial by advising him not to testify; by failing to investigate or subpoena any character witnesses; by failing to challenge DNA evidence or call an expert to contest such evidence; and, by failing to effectively challenge eyewitness identification testimony by failing to call an expert or to request jury instructions about eye witness evidence. Movant also alleges that his counsel was ineffective on appeal by failing to raise any issues on appeal other than competency, such as sufficiency of the evidence.

4.      The two-prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984) governs ineffective assistance of counsel claims. *E.g. Mayes v. Gibson*, 210 F.3d 1284 (10th Cir. 2000). Petitioner must show both (1) that counsel's performance was deficient and (2) that this deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. An ineffective assistance of counsel claim fails if either of the *Strickland* prongs are not met. It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively if that is the easier course. *E.g., Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999); *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

5.      Petitioner must first show that counsel's representation was "objectively unreasonable." *E.g. Clayton v. Gibson*, 199 F.3d 1162, 1177 (10th Cir. 1999). In doing so, he must overcome the strong presumption that counsel's conduct falls within the wide range of competence demanded of attorneys in criminal cases. *Gillette v Tansy*, 17 F.3d 308, 310 (10th Cir. 1994). This Court must consider all the circumstances, making every effort to "eliminate the distorting effects of hindsight," and to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.  To be constitutionally ineffective, counsel's conduct "must have been completely

2

unreasonable, not merely wrong." *Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999).

6.     Petitioner must also demonstrate that he was prejudiced as a result of his counsel's deficient performance.  To demonstrate prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. *Moore*, 195 F.3d at 1178.  "Reasonable probability" means that confidence in the outcome is undermined. *Foster v. Ward*, 182 F.3d 1177, 1185 (10th Cir. 1999).

### *Ineffective Assistance of Counsel at Trial*

7.     In his first ground  Movant alleges that counsel was ineffective because he allegedly advised Movant not to testify at trial.  However, as pointed out by Respondent, this is not a claim for ineffective assistance of counsel but rather, the questioning of counsel's strategic advice. "A strategic decision cannot be the basis of an ineffective assistance of counsel claim unless counsel's decision is shown to be so ill chosen that it permeates the entire trial." *Nguyen v. Reynolds*, 131 F.3d 1340 (10th Cir. 1997).  Movant provides no facts to support him claim, much less makes any showing that counsel's advice that Movant not testify was "so ill chosen that it permeate[d] the entire trial." Without a showing that his attorney's performance was objectively unreasonable or that he was prejudiced as a result of his counsel's performance, Movant's first claim for relief should be denied.

8.     Movant also claims that his counsel was ineffective because he failed to investigate or subpoena any character witnesses.  Nonetheless, Movant fails to identify any individuals who could have testified and what their testimony would have been, rendering his claim of ineffective assistance merely conclusory in nature.  Allegations that are conclusory in nature and not supported with factual averments will not support a claim of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

3

9.    The decision whether to call a witness rests within the sound discretion of trial counsel. *Jackson v. Shanks*, 143 F.3d 1313, 1320 (10th Cir. 1998). There is also a heavy measure of deference applied to counsel's judgments. *Strickland*, 466 U.S. at 691. Even presuming that there were witnesses available to testify on behalf of Movant, this claim still could not succeed given the fact that Movant's character was never called into question during the course of the trial.

10.    Further, even assuming a deficiency in counsel's conduct in not investigating or calling character witnesses, Movant cannot show prejudice. He cannot show that to a reasonable probability the outcome of the trial would have been different had character witnesses been called to testify on Movant's behalf. *Foster v. Ward*, 182 F.3d 1177, 1185 (10th Cir.1999) (concluding that defense counsel's failure to contact or investigate alibi witnesses insufficient to establish prejudice). Accordingly, relief should be denied on this ground as well.

11.    In his third ground for relief, Movant argues that counsel was ineffective because he failed to challenge DNA evidence and failed to call an expert to contest the DNA evidence. This may be so, but Movant offers no evidence to undermine our confidence in the DNA evidence presented at trial. His vague, conclusory allegation is inadequate. At a minimum, Movant must identify the specific challenges to the evidence and how an expert would have helped his case. Equally, he must tell us how counsel's alleged failures are relevant to this case and, critically, how they would have made a difference in the outcome of the trial.

12.    When an ineffective assistance claim centers on a failure to investigate and elicit testimony from witnesses, the petitioner must "demonstrate, with some precision, the content of the testimony they would have given at trial." *Lawrence v. Armontrout*, 900 F.2d 127, 130 (8th Cir.1990) (quotation omitted). The lack of a specific, affirmative showing of any exculpatory evidence leaves

4

Movant's claim well short of the prejudice required by *Strickland*. *See Patel v. United States*, 19 F.3d 1231, 1237 (7th Cir.1994) (holding no prejudice to petitioner who failed to make specific, affirmative showing that absent witness's testimony would have affected outcome of trial).   In light of our conclusion that Movant has not established prejudice, relief should be denied on this claim.

13.    Movant's final claim regarding his counsel's alleged ineffectiveness at trial centers around eyewitness testimony. Movant alleges that he received ineffective assistance of counsel when counsel failed to effectively challenge eyewitness identification evidence, failed to call an expert to testify about eye witness testimony or to request jury instructions about eye witness evidence.  Again, Movant's allegations are vague and conclusory. Movant fails to provide any specific facts that would support his claim. "Petitioner can . . . make out a claim of ineffective assistance of counsel only by pointing to specific errors made by trial counsel." *United States v. Cronic*, 466 U.S. 648, 666 (1984). Movant does not describe to this court how his counsel could have challenged the eyewitness testimony, what an expert would have testified to or what specific jury instructions should have been requested.   Thus, Movant fails to allege that counsel's conduct feel below an objective standard of reasonableness.

14.    However, even assuming a deficiency in counsel's conduct, this claim fails because Movant does not show prejudice.  Movant does not allege or demonstrate how a challenge to eyewitness identification by counsel, expert testimony on eyewitness identification evidence or a request for certain jury instructions would have changed the outcome of the trail.

### Ineffective Assistance of Counsel on Appeal

15.    Movant claims that his counsel was ineffective on appeal when he failed to raise any issues on appeal except for competency, such as sufficiency of the evidence.  The proper standard for

5

assessing a claim of ineffectiveness of appellate counsel is that set forth in *Strickland*. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).   A claim of appellate ineffectiveness can be based on counsel's failure to raise a particular issue on appeal, although it is difficult to show deficient performance under those circumstances because counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith* at 288.   Here, the relevant questions are whether appellate counsel was "objectively unreasonable" in failing to raise additional claims on direct appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise additional claims, Movant "would have prevailed on his appeal." *Smith*, 528 U.S. at 285-86 (applying *Strickland*, 466 U.S. at 687-91, 694). Thus, in analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal, "we look to the merits of the omitted issue," *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir.2001) (quotation omitted), *cert. denied*, 537 U.S. 835 (2002), generally in relation to the other arguments counsel did pursue.

> If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission: of course, if the issue is meritless, its omission will not constitute deficient performance.

*Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003).

16.   Here, as with his earlier allegations, Movant has failed to present any facts supporting his allegation that counsel was ineffective for omitting issues other than Movant's competency on appeal. Nor does he make any showing that had other issues been presented, his appeal would have been successful.  Accordingly, this claim must fail.

6

17.     Based on the foregoing, I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. §2255 by DENIED, and that this cause be dismissed with prejudice.


W. Daniel Schneider
UNITED STATES MAGISTRATE JUDGE


7